UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YASSER OBEIDAN
and MARNI WAHLANI,

              Plaintiffs,

Case No. 13-10539

Hon. John Corbett O'Meara

v.

STATE FARM FIRE & CASUALTY CO.,

              Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT STATE FARM FIRE'S AUGUST 23, 2013 MOTION FOR SUMMARY JUDGMENT

Defendant State Farm Fire & Casualty Company ("State Farm") filed a motion for summary judgment under Fed. R. Civ. P. 56(a) August 23, 2013. Plaintiffs Yasser Obeidan and Marni Wahlani filed a response October 1, 2013; State Farm filed a reply brief October 10, 2013. The court heard oral argument February 13, 2014. For the reasons set forth below, the court will grant in part and deny in part State Farm's motion for summary judgment.

## BACKGROUND

This case arises from a State Farm insurance policy that was issued to Plaintiffs for home-fire coverage on a residential property located at 6712 Auburn

Street in the City of Detroit.  On April 6, 2012, a fire occurred at Plaintiffs' residence.  On the same day, after the fire, Plaintiffs notified State Farm to make them aware that a fire occurred and that they intended to submit claims.  State Farm wrote back to Plaintiffs April 25, 2012, advising Plaintiffs of their duties and responsibilities in submitting claims under the policy.

Pursuant to the April 25, 2012 letter State Farm sent to Plaintiffs, and as part of a claimant's duties and responsibilities, Plaintiffs were required to submit a sworn statement for proof of loss, supporting documents, tax returns, and financial records.  Plaintiffs were also required to submit a personal-property inventory of everything lost in the fire, including the items destroyed, brand, price, and any receipts that could evidence the value of destroyed items.  State Farm's insurance policies contain a provision that requires the claimants to submit the sworn statement in proof of loss within 60 days of the date of loss.

State Farm sent Plaintiffs another letter May 9, 2012, requesting them to submit to Examinations Under Oath ("EUO's"), submit tax returns, and financial records.  Plaintiffs did submit EUO's.  At the Plaintiffs' EUO's, State Farm requested Plaintiffs to consent to the release of tax returns and financial records. On May 22, 2012, and July 27, 2012, Plaintiffs consented to releasing all financial information.

2

On June 5, 2012, Plaintiffs requested an extension to complete the proof of loss documents.  State Farm's return letter granted the extension, and the due date for the statement of loss was June 25, 2012.  On this date, State Farm received a sworn statement in proof of loss; however, this form did not comply with State Farm's criteria.  Another extension was granted until July 15, 2012.  On July 27, 2012, State Farm received another sworn statement for proof of loss.  State Farm again determined that it did not meet the company's criteria.

On August 31, 2012, State Farm accepted the personal-property inventory forms.  As to the sworn statement in proof of loss forms, the documents were submitted to State Farm and completed on September 17, 2012.  On November 6, 2012, State Farm formally denied the Plaintiffs' claim based on their failure to comply with the policy provisions.  Plaintiffs filed suit against State Farm January 29, 2013.

## LAW AND ANALYSIS

### A. Waiver and Estoppel

Plaintiffs argue that State Farm is estopped or has waived the ability to deny the claim.  The court does not find this argument valid.  The first case Plaintiffs cite in support of their argument is McDonald v. Farm Bureau Ins. Co., 480 Mich. 191 (2008).  In that case, the Michigan Supreme Court was required to determine whether the limitations period in a policy of insurance can be avoided by

3

traditional contract principals, i.e. waiver and estoppel. Factually, the case involved an uninsured motorist benefits claim. Before the claim was denied, there was some awareness by the appellee's attorney of the deadlines. Moreover, there were several letters and additional correspondence between the appellee's attorney, appellees, and appellants regarding the deadlines for filing suit and possible settlements.

The court held that the appellant Farm Bureau was not estopped from denying the claim based on the one-year limitations period in the insurance policy. Id. at 206. The court's analysis involved a three-factor test for establishing equitable estoppel: "(1) appellant's acts or representations induced [appellee] to believe that the limitations period clause would not be enforced, (2) [appellee] justifiably relied on this belief, and (3) [appellee] was prejudiced as a result of [appellee's] reliance on [appellee's] belief that the clause would not be enforced." Id. at 204-205. The court found that these factors did not apply to the facts of appellee's case because the appellee's attorney expressed an awareness of the deadlines and sent several letters trying to encourage settlement. The court did not find that there was reliance on the appellant's statements or time-related provisions.

In the current case, Plaintiffs were aware of the deadlines and made efforts to comply with the moving deadlines. Specific to the reliance element in

McDonald, here the court cannot say that Plaintiffs relied on State Farm's shifting of the deadlines to the extent that the deadlines would not be honored.  On three accounts, Plaintiffs missed deadlines imposed by State Farm.  On a few of these accounts, State Farm extended the deadlines.  However, similar to the attorney in McDonald, the Plaintiffs here did have some awareness as to the deadlines and made efforts to comply.

The parties also rely on Dellar v. Frankenmuth Mutual Ins. Co., 173 Mich. App. 138 (1988).  However, the Michigan Court of Appeals decided Dellar in 1988, and the Michigan Supreme Court decided McDonald in 2008.  Given the more stringent requirements and three-part approach elaborated in McDonald, doctrinal and conjunctive application of the opinions would require Dellar to yield to McDonald.  Therefore, Plaintiffs would need to establish reliance factors, which as previously indicated, under McDonald, they are unable to do.

## B. Substantial Compliance and Willful Noncompliance

"A contract is substantially performed when all of the essentials necessary to the full accomplishment of the purposes for which the thing contracted has been performed with such approximation that a party obtains substantially what is called for by the contract." Gibson v. Group Ins. Co., 142 Mich. App. 271, 275 (1985). "[A]s a general rule, a provision . . . [construed as] a condition precedent to filing the action, and the failure to comply with such a condition is not an absolute bar to

5

recovery, but acts to suspend the right to recovery until the examination is completed." Yeo v. State Farm Ins. Co, 219 Mich. App. 254, 258 (1996) (referred to as "Yeo I"); see also Yeo v. State Farm Fire & Cas. Ins. Co., 242 Mich. App. 483 (2000) (statutorily time-barring the refiled claim) (referred to as "Yeo II").

If the insureds' actions are willful, then the action will be dismissed with prejudice; if actions are not willful, then the claim will be dismissed without prejudice. Winehold v. Cincinnati Ins. Co., 179 F. Supp.2d 742, 754 (W.D. Mich. 2001); see also Cruz v. State Farm Mut. Auto. Ins. Co., 241 Mich. App. 159, 169-70 (2000); Vertex Int'l Mgmt., L.L.C. v. State Farm Fire & Cas. Co., No. 10-CV-12637, 2011 U.S. Dist. LEXIS 156544 (E.D. Mich. June 29, 2011). This allows "a plaintiff to submit to examination under oath and then refile the action." Yeo I, 219 Mich. App. at 258-259.

Willful noncompliance means "failure or refusal to submit to an [examination under oath] or otherwise cooperate with an insurer in regard to contractual provisions allowing the insurer to investigate the claim that is part of a deliberate effort to withhold material information or a pattern of noncooperation with the insurer." Allen v. Mich. Basic Prop. Ins. Co., 249 Mich. App. 66, 73 (2001). The insured carries the burden to show "that the insured has not deliberately withheld material information." Id. "If noncompliance is willful, the dismissal must be with prejudice." Id.

Plaintiffs contend that there was substantial compliance with the terms of the insurance policy; and if dismissal were appropriate, then dismissal would be without prejudice.  The court agrees.  In support, the Plaintiffs cite to Yeo I.  At issue in Yeo I, was whether an action that was dismissed for failure to submit to an EUO should be with or without prejudice.  The claimants in Yeo I were required in their homeowner's insurance policy to submit to an EUO.  Claimants did submit to an oral examination, however, not under oath.  The court dismissed the claimant's complaint without prejudice because there was no evidence of willful noncompliance. Yeo I, 249 Mich. App. at 255.

Yeo I, however, left a gap in the analysis; therefore, what is willful noncompliance? Both State Farm and Plaintiffs reference Thomson v. State Farm Ins. Co., 232 Mich. App. 38 (1998).  The issue in Thomson was whether the claimants willfully failed to comply with the terms of their insurance policy.  After some items were stolen from the claimants' home, the claimants filed a claim with the insurer.  The claim was denied by the insurer based on the claimants' failure to take an EUO.  Eventually, the insurer was able to take recorded statements from the claimant.

The Thomson court held that failure to submit to the EUO was not willful. Id. at 50-51.  Willful noncompliance was defined as "failure or refusal to submit . . . or otherwise cooperate with an insurer in regard to the contractual provisions

allowing an insurer to investigate a claim that is part of a deliberate effort to withhold material information or a pattern of noncooperation with the insurer." Id. at 50. Because the claimants provided recorded statements, there was "at least a minimal showing that the [claimants] were not deliberately intending to withhold material information." Id. at 50-51.

Finally, both State Farm and Plaintiffs cite to the more recent decision by this court in Vertex. The policy dispute in that case involved a rental-insurance policy and a claim for fire damage. When the claimant submitted the claim, the insurer required the claimant to produce the company's financial records and submit to an EUO. However, the claimant did not submit all of the required documents, excluding business interests and tax returns. The claim was denied by the insurer for failure to comply with the policy provisions.

The court held that the claimant's complaint should be dismissed without prejudice, however. Vertex, 2011 U.S. Dist. LEXIS 156544 at *25. The court allowed the claimant to resubmit conforming documents and ordered the insurer to reevaluate the claim. In addition, although the court did not find the claimant to have substantially complied with the policy, the claimant's noncompliance was not deemed willful.

In this case, Plaintiffs did not substantially comply with the terms of the insurance policy. Similar to the Vertex plaintiffs, Obeidan and Wahlani made

8

attempts to comply with the terms of the insurance policy, including sending the personal-property inventories, asking for extensions, and submitting to EUO's. This court finds these informational requests to be reasonable.

The next issue is whether dismissal here should be with or without prejudice. The court finds that it was not willful noncompliance; thus, the case must be dismissed without prejudice.   The <u>Thomson</u> court determined the definition of willful noncompliance, which the court does not find present in the instant case. The <u>Thomson</u> court defined willful noncompliance as a "pattern of noncooperation" and a "deliberate effort to withhold material information." <u>Thomson</u>, 232 Mich. App. 50.  In the current case, that is not apparent.  Plaintiffs made several attempts to comply with the policy provisions and asked for deadline extensions.  Plaintiffs submitted extensive records to State Farm.  Although some of the records and documentation were not to State Farm's standards, Plaintiffs attempted to resubmit the records.  Moreover, Plaintiffs consented before the lapse of at least one deadline for State Farm to access their financial records and tax records.  State Farm had access to the financial information.

In accordance with Michigan statutory law and State Farm's policy, the one-year limitations period is tolled.  Mich. Comp. Laws § 600.5856(a); Mich. Ct. R. 2.102; <u>Vertex Int'l Mgmt.</u>, 2011 U.S. Dist. LEXIS 156544 at *23-24; Ins. Policy § I, ¶ 6.

## <u>ORDER</u>

It is hereby **ORDERED** that defendant State Farm's August 23, 2013 motion for summary judgment is **GRANTED IN PART**.  It is further **ORDERED** that defendant State Farm's August 23, 2013 motion for summary judgment is **DENIED IN PART** with respect to State Farm seeking dismissal with prejudice. The case is hereby dismissed without prejudice.


Date: June 24, 2014                          s/John Corbett O'Meara
                                             United States District Judge




I hereby certify that on June 24, 2014 a copy of this order was served upon counsel of record using the ECF system.

                                             s/William Barkholz
                                             Case Manager

10